## Morgan et al. v. Hughett et al.
## Leech v. Same
## Perry v. Same

Jan. 22, 1946.

Earle M. Nichols and Marshall P. Eldred for appellants J. F. Morgan and others.

J. Gordon Lisanby, Alvin Lisanby, and R. W. Lisanby for appellant R. D. Leech.

S. D. Hodge for appellant John R. Perry.

C. A. Pepper for appellees John Hughett, Pearl Hughett, Maude Hughett, and J. L. Hughett.

Earle M. Nichols and Marshall P. Eldred for appellees J. F. Morgan, Lena Morgan, Robert Morgan, Evelyn Morgan, Carrie Hodges, Nannie Templeman, J. M. Templeman, and Lucy Morgan McGehee.

S. D. Hodge for appellee John Perry.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER —Affirming.

These consolidated appeals are prosecuted from a judgment entered in proceedings upon intervening petitions filed after final judgment was entered between the original parties in Hughett v. Caldwell County, 288 Ky. 89, 155 S. W. 2d 481. Since appellants herein were not parties to the original action, the judgment rendered in pursuance of the opinion in the above-styled case is not binding upon them. Each of the appellants separately claims to be the owner of the tract of land which was the subject matter of the original action. We will dispose of the contentions in the order named in the caption. The background of the controversy is recited in Hughett v. Caldwell County, supra, for which reason we will not iterate it here.

The Morgan heirs claim that the quitclaim deed they signed to the property was obtained by fraud on the part of appellee Hughett. The basis of this contention is that Mr. Hughett, by secret tests, came into knowledge of the fact that the property in dispute, for which the quitclaim was executed and delivered, was underlain with valuable deposits of fluorspar; that they were not informed of this fact, nor could they have discovered it by the exercise of reasonable diligence. That Mr. Hughett fraudulently withheld this information from them, as a result of which he obtained their signatures to the quitclaim deed. The evidence discloses that previous to the execution of the quitclaim deed, fluorspar had been mined on the property. It is unnecessary for us to determine whether a fraud was actually perpetrated, because the action based upon fraud was not commenced within the period described by KRS 413.120, which, in so far as pertinent, recites:

"The following actions shall be commenced within five years after the cause of action accrued:

*     *     *     *     *     *

"(12) An action for relief or damages on the ground of fraud or mistake."

In construing this Statute, in Johnson v. Fetter et al., 224 Ky. 788, 7 S. W. 2d 241, and other cases, we have held that one seeking relief because of fraud must exercise reasonable diligence to discover the fraud, in order to extend the five year period of limitation. The mining operation by Hughett was commenced previous to the execution of the quitclaim deed under a lease duly recorded in Caldwell County. The operation was open and notorious; and any diligence, however slight, on the part of the Morgans would have placed them in possession of the facts they now rely upon to vitiate the quitclaim deed.

Leech claims the property by virtue of a deed executed to him by the Morgans for a boundary contiguous to the property in dispute. He does not seek a reformation of his deed, and the land described therein, as platted and proved by his own engineer, does not include the property in dispute. He pleaded adverse possession, but the uncontradicted evidence shows that he was never in possession of the property. It is manifest that his claim correctly was denied.

Perry claims by virtue of a deed from Leech. But since Leech was never the owner of the property in dispute, it is obvious that he could not convey title to Perry. Perry additionally contends that, since he is the owner of the property bordering the road which was abandoned by Caldwell County, he is entitled to be adjudged the owner of one-half of the 50 foot strip of land reserved to the county for road purposes in the deeds mentioned in Hughett v. Caldwell County, supra. The rule that a deed for land bordering on a highway conveys title to the center of the road, subject to its use by the public, does not apply where the fee-simple title to the land upon which the road lies is in the owner of the land adjacent to the claimant, and the right of the public is a mere easement over the property. We decided, on the appeal prosecuted by Caldwell County, that Hughett was the owner of the fee-simple title to the property upon which the abandoned highway was constructed; the reasons for this decision appear in the opinion in that case. As heretofore indicated, that decision is not binding upon appellants; but, for the same

reasons, we again conclude that Hughett is the owner of the property, and that the rule relied upon by Mr. Perry is not applicable in the circumstances of this case.

The judgment is affirmed on each appeal.